Melissa A. Higbee, Esq., SBN 24644
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave, Suite 200
Las Vegas, NV 89035
(714) 617-8340
(714) 597-6729 facsimile

*Attorney for Plaintiff,*
LISA CORSON

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| LISA CORSON<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BASS MAGAZINE LLC and DOES 1 through 10 inclusive,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Lisa Corson alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts

and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff Lisa Corson ("Corson") is an individual and professional photographer.

6. Defendant Bass Magazine LLC ("Defendant" or "Bass Magazine") is an Arizona limited liability company with a principal place of business in Tuscon, Arizona.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Lisa Corson*

9. Lisa Corson is a highly successful and acclaimed freelance photographer that previously worked as the photograph editor for SPIN, New York Magazine, and the Wall Street Journal.

10. Corson creates and licenses her work for a fee to a variety of editorial and commercial clients. Corson's client list includes AARP, Delta Airlines, Google, Grand Mariner, House and Garden, Sunset Magazine, The National Geographic Channel, The New York Times, and The Washington Post, and Visit California.

11. Corson's livelihood depends on receiving compensation for her photographs she produces, and the copyright protection afforded Corson's work deters would be infringers from copying and profiting from her work without permission.

12. Lisa Corson is the sole creator and exclusive rights holder to a photograph of bass guitarist Nathan East. (the "East Photograph").

13. Attached hereto as Exhibit A is a true and correct copy of the East Photograph.

14. Corson has registered the East Photograph with the United States Copyright Office under registration number VA 1-198-092 with an effective registration date of January 7, 2015.

15. Attached hereto as Exhibit B is a true and correct copy of Registration VA 1-198-092.

### *Defendant Bass Magazine LLC*

16. Upon information and belief, Defendant is and was, at all relevant times, the owner and operator of the website https://bassmagazine.com/ ("Defendant's Website").

17. According to Defendant's Website, Defendant is a digital publication that focuses on a variety of subjects related to bass guitars. *See generally* https://bassmagazine.com/about/

18. As part of its "daily" publications, Defendant interviews musicians, reviews bass guitar related gear, provides transcriptions of famous bass players' music; and creates video "lessons" for bass players. *See generally* https://bassmagazine.com/.

19. Defendant's Website features a variety of pop-up ads on each of its pages and Defendant solicits advertisers directly on its Website. *See* https://bassmagazine.com/advertise/.

20. In order to get "unlimited access to Bass Magazine", users must subscribe and pay a $4.99 subscription fee per month, or alternatively, a yearly subscription fee of $49.99. *See* https://bassmagazine.com/subscriber-portal/join/.

21. According to Defendant's Facebook page, "Bass Magazine", Defendant has over 300,000 followers on Facebook. *See* https://www.facebook.com/bassmagazinenow.

22. According to Defendant's Instagram page, @bassmagazineonline, Defendant has over 250,000 followers on Instagram. *See* https://www.instagram.com/bassmagazineonline.

23. On information and belief, Defendant's Website generates content in order to promote Defendant's business and generate profit and revenue for the company.

24. Specifically, Defendant generates content in order to entice users to subscribe to Defendant's business in order to gain access to Defendant's "unlimited" library of content.

25. At all relevant times, Defendant's Website was readily accessible to the general public throughout Arizona, the United States, and the world.

26. At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Website (including the activities alleged in this Complaint).

27. At all relevant times, Defendant had the ability to supervise and control all content on Defendant's Website.

### *Defendant's Infringing Conduct*

28. On or about January 27, 2025 Corson discovered her East Photograph copied and displayed on Defendant's Website in an article titled "Quincy Jones:

Listen Up! Listen Down!" ("Infringing Post"). *See* https://bassmagazine.com/quincy-jones-listen-up-listen-down/.

29. The East Photograph was copied and displayed two separate times in the Infringing Post – the first use as part of the banner photograph at the top of the Infringing Post and the second use incorporated into the body of the Infringing Post.

30. A true and correct screenshot of the East Photograph copied and displayed on Defendant's Website as part of the banner photograph at the top of the Infringing Post is attached hereto as Exhibit C.

31. A true and correct screenshot of the East Photograph copied and displayed on Defendant's Website incorporated into the body of the Infringing Post is attached hereto as Exhibit D.

32. Corson, through counsel, made several attempts to resolve this matter directly with Defendant, via traditional mail, e-mail, and phone calls, but Plaintiff did not receive any response from Defendant to their contact attempts.

33. In no event did Corson consent to, authorize, or provide Defendant with a license to make a copy or publicly display the East Photograph on Defendant's Website with the Infringing Post or in any other manner.

34. Corson is informed and believes Defendant (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the East Photograph and caused it to be uploaded to and displayed on Defendant's Website.

35. Corson is informed and believes that the purpose of the use of the East Photograph on Defendant's Website was to provide high quality photographs to enhance the content of Defendant's Website and thus entice more users to become paid subscribers in order to access additional content.

36. Corson does not have record of the East Photograph being licensed to Bass Magazine nor had Corson granted permission for Bass Magazine to make a copy or publicly display the East Photograph on Defendant's Website with the

Infringing Post.

37. Corson is informed and believes Defendants (including their employees, agents, contractors, or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Corson's original and unique East Photograph in order to acquire a direct financial benefit, through monthly subscription fees and through advertising revenue from users visiting Defendant's Website.

38. On information and belief, Defendant's use of the East Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the East Photograph.

39. Specifically, Defendant knew or should have known that the East Photograph belonged to Plaintiff because Defendants did not purchase a license to use the East Photograph but copied and displayed the East Photograph on Defendant's Website.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original East Photograph.

41. Corson owns a valid copyright in the East Photograph.

42. Corson registered the East Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

43. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted East Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique East Photograph of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a

1  result.

2  44.    Specifically, Defendant made unauthorized copies and then publically
3  displayed the East Photograph with the Infringing Post on Defendant's Website.

4  45.    As a result of Defendants' violations of Title 17 of the U.S. Code,
5  Corson has sustained significant injury and irreparable harm.

6  46.    As a result of Defendant's violations of Title 17 of the U.S. Code,
7  Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory
8  damages pursuant to 17 U.S.C. § 504(c).

9  47.    As a result of the Defendants' violations of Title 17 of the U.S. Code,
10 the court in its discretion may allow the recovery of full costs from Defendants as
11 well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

12 48.    Plaintiff is also entitled to injunctive relief to prevent or restrain
13 infringement of her copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;
- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

| | |
|---|---|
| Dated: May 14, 2025 | Respectfully submitted,<br><br>**/s/ Melissa A. Higbee**<br>Melissa A. Higbee, Esq.,<br>**HIGBEE & ASSOCIATES**<br>3110 W. Cheyenne, Suite 200<br>North Las Vegas, NV 89032<br>(714) 617-8340<br>(714) 597-6729 facsimile<br>*Counsel for Plaintiff* |

## **DEMAND FOR JURY TRIAL**

Plaintiff, Lisa Corson hereby demands a trial by jury in the above matter.

Dated: May 14, 2025                              Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.,
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8340
(714) 597-6729 facsimile